UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

KENNETH HELLER,

        Plaintiff,

-against-

RUBY EMANUEL,

        Defendant.
----------------------------------------------------------x

NOT FOR ELECTRONIC OR
PRINT PUBLICATION

MEMORANDUM & ORDER
07-CV-1393 (ARR)

ROSS, United States District Judge.

Plaintiff Kenneth Heller, a disbarred attorney, filed this *pro se* complaint on April 4, 2007, pursuant to 42 U.S.C. §§ 1981, 1983 and 1985 against his former client Ruby Emanuel. Plaintiff has paid the required filing fee. For the reasons discussed below, the complaint is dismissed as frivolous.[1]

## BACKGROUND

Plaintiff is a disbarred attorney who practiced maritime law from 1951 to July 2004, when he was disbarred. Compl. at ¶ 3. In <u>Matter of Heller</u>, a unanimous state court appellate panel held that

> In light of the cumulative evidence of respondent's 24-year history of sanctions, his perverse and persistent refusal to accept adverse rulings, reflective of an utter contempt for the judicial system, and his consistent, reprehensible, unprofessional behavior, which has included screaming at, threatening and disparaging judges, adversaries and experts, intentionally defying court rulings, and disrupting and thwarting proper legal process through both physical and verbal aggression, we are of the opinion that the appropriate sanction here is disbarment.

---

[1] Defendant filed an answer to the complaint on May 2, 2007. However, the court's order is issued *sua sponte* and without regard to defendant's answer.

1

Matter of Heller, 9 A.D.3d 221, 228 (N.Y.A.D. 2004). The instant action stems from a long and cantankerous battle between plaintiff, his former client Ruby Emanuel ("Emanuel") and Ms. Emanuel's current attorney, Michael Feldman ("Feldman") of the law firm Jacoby & Meyers. In July 2004, plaintiff represented Emanuel in Emanuel v. Sheridan Transport Corp., in state court, in which a jury returned a $25 million award. Compl. at ¶ 4. The verdict was subsequently reduced to $7.6 million by the trial court and on May 4, 2004, the Appellate Division, First Department voided the verdict and remanded the case to the New York State Supreme Court for a new trial. Compl. at ¶ 4.

Emanuel's case in Supreme Court was a wrongful death action stemming from the 1994 death of her husband, who was fatally injured while working as part of a crew dry-docking tank-barge in the Brooklyn Navy Grading Dock. See Affidavit to Appellate Division: First Department at p. 4, annexed to Compl. After plaintiff's disbarment, Emanuel hired the law firm of Jacoby & Meyers to take over her case. Compl. at ¶ 4. Since that time Emanuel and the firm have unsuccessfully attempted to obtain Emanuel's case files from plaintiff. Compl. at ¶ 8. On January 26, 2007, plaintiff was held in contempt of court by Justice Silver for failure to turn over his Emanuel files. Id. On or about February 26, 2007, New York City sheriff's deputies raided plaintiff's office and unsuccessfully searched for the Emanuel files. Compl. at ¶ 11. Plaintiff was arrested for contempt of court and held overnight in the Baxter Street Jail. Compl. at ¶¶ 11-12.

> Plaintiff brings the instant action pursuant to 42 U.S.C. §§ 1981, 1983 and 1985 for damages to me by the defendant for violation of my civil rights consisting of my wrongful arrest and detention by the Sheriff of the City of New York procured

by the intentional misdirection of the New York State Supreme Court Bronx County, Silver, J., by the defendant, attorney Michael ("Feldman"), a New York lawyer, by means of a misstatement of fact incorporated into an Affirmation (the "Affirmation") which he submitted to Justice Silver without service upon or notice to me.

Compl. at ¶ 4. Plaintiff further alleges that "Emanuel continued to authorize allow and permit attorneys Feldman et al, to complain falsely against Kenneth Heller and knowingly to state and attempt falsely charge him with contempt of court . . . ." Compl. at ¶ 18. Plaintiff states that as a result of Emanuel's actions, he was

> physically and forcefully deprived of my right of privacy by the entry by force into my office at 299 Broadway, physically restrained by being handcuffed, pushed and shoved by member of the New York City Sheriff's Department, forced down stairs, exposed to humiliation before the public, as I was moved from the lobby of my building at 299 Broadway into a Sheriff's vehicle, into which I was pushed with a Sheriff's hand pressing on my head and in clear view of numerous people whom I had known and done business for many years. I was taken to the Court of Judge Silver and thereafter to Bellevue hospital because of the exacerbation of my existing illnesses, which occurred as a result of my forceful arrest. I suffered great pain of body and mind and incurred additional expenses for the legal fees that resulted in my ultimate release by the Appellate Division the following day. I was detained and restrained in my movements and then I was incarcerated.

Compl. at ¶ 17. Plaintiff seeks $26 million from Emanuel. Compl. at ¶ 18.

## STANDARD OF REVIEW

The Court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee. See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000); see also Mallard v. United States District Court, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a "frivolous or malicious action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). Indeed, "district courts are especially likely to be exposed to frivolous actions and, thus, have a

great[] need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources." Fitzgerald, 221 F.3d at 364. A claim is frivolous where it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Although plaintiff proceeds *pro se* here, he is an experienced attorney and accordingly the Court is not obligated to read his pleadings liberally. Bliven v. Hunt, No. 05-CV-4852, 478 F.Supp.2d 332, 334 (E.D.N.Y. 2007) (experienced attorney not entitled to degree of liberality given to non-attorney *pro se* plaintiffs) (citations omitted); Maloney v. Cuomo, 470 F.Supp.2d 205, 209 (E.D.N.Y. 2007) ("Although the Court normally will hold the pleadings of a *pro se* plaintiff to a less rigorous standard of review than pleadings drafted by counsel, as an experienced attorney the plaintiff's papers in this case are not entitled to such special consideration") (citing Goel v. United States DOJ, No. 03 Civ. 0579, 2003 WL 22047877, at *1 (S.D.N.Y. Aug. 27, 2003)). However, even when liberally construed under Hughes v. Rowe, 449 U.S. 5, 9 (1980), plaintiff's claims fail.

## DISCUSSION

As an initial matter, the Court notes that §§ 1981 and § 1985 do not apply to plaintiff's action. Section 1981 provides that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens ... .

The term "make and enforce contracts" is defined as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). Plaintiff's complaint provides no basis to

suggest the existence of a cognizable claim that defendant intentionally discriminated against him on the basis of his race as required to state a claim under § 1981. See Mian v. Donaldson, Lufkin & Jenrette Secs. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993); see also Yusuf v. Vassar College, 35 F.3d 709, 713 (2d Cir. 1994). "[A]n action will lie under § 1985(3) when a plaintiff is injured by a private conspiracy to interfere with his constitutional rights, so long as there is 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" Colombrito v. Kelly, 764 F.2d 122, 130 (2d Cir.1985) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). Plaintiff has identified no constitutional rights targeted by any alleged conspiracy, nor has he alleged that defendant was motivated by discriminatory animus. The other sub-sections of § 1985 are likewise inapplicable to plaintiff's action.

Furthermore, a claim for relief under § 1983 must allege facts showing that each defendant acted under color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983; Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotations omitted); cf. Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'") (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351 (1974)). For plaintiff to succeed on this complaint, he must first establish that the conduct of Emanuel is "fairly attributable to the State." Am. Mfrs.

Mut. Ins. Co., 526 U.S. at 50. Ruby Emanuel is a private individual whose conduct cannot be fairly attributed to the State. Additionally, plaintiff's complaint makes no allegation that there was a conspiracy between Emanuel and a state actor to deprive him of his constitutional rights, as required to allege a conspiracy claim under § 1983. See Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999). Therefore, plaintiff's claims cannot proceed.

## CONCLUSION

Accordingly, the complaint is dismissed as frivolous. See Fitzgerald, 221 F.3d 362. Although plaintiff paid the filing fee to bring this action, if he requests *in forma pauperis* status for any appeal, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
May 18, 2007

/S/
ALLYNE R. ROSS
United States District Judge